IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ROBERT EARL SAMUELS,

        Plaintiff,                     No. CIV S-09-3217 GGH P

    vs.

LYNNE THORNBURG, et al.,

        Defendants.          ORDER

_____/

        Plaintiff is a state prisoner proceeding pro se. He seeks relief pursuant to 42 U.S.C. § 1983 and has requested authority pursuant to 28 U.S.C. § 1915 to proceed in forma pauperis. This proceeding was referred to this court by Local Rule 72-302 pursuant to 28 U.S.C. § 636(b)(1). On November 30, 2009, plaintiff consented to the jurisdiction of the undersigned. Defendants have not been served.

        Plaintiff has submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a). Accordingly, the request to proceed in forma pauperis will be granted.

        Plaintiff is required to pay the statutory filing fee of $350.00 for this action. 28 U.S.C. §§ 1914(a), 1915(b)(1). An initial partial filing fee of $44.65 will be assessed by this order. 28 U.S.C. § 1915(b)(1). By separate order, the court will direct the appropriate agency to collect the initial partial filing fee from plaintiff's trust account and forward it to the Clerk of the Court. Thereafter, plaintiff will be obligated for monthly payments of twenty percent of the

1  preceding month's income credited to plaintiff's prison trust account.  These payments will be
2  forwarded by the appropriate agency to the Clerk of the Court each time the amount in plaintiff's
3  account exceeds $10.00, until the filing fee is paid in full.  28 U.S.C. § 1915(b)(2).
4         The court is required to screen complaints brought by prisoners seeking relief
5  against a governmental entity or officer or employee of a governmental entity.  28 U.S.C.
6  § 1915A(a).  The court must dismiss a complaint or portion thereof if the prisoner has raised
7  claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be
8  granted, or that seek monetary relief from a defendant who is immune from such relief.  28
9  U.S.C. § 1915A(b)(1),(2).
10        A claim is legally frivolous when it lacks an arguable basis either in law or in fact.
11 Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28
12 (9th Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an
13 indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke,
14 490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully
15 pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th
16 Cir. 1989); Franklin, 745 F.2d at 1227.
17        A complaint must contain more than a "formulaic recitation of the elements of a
18 cause of action;" it must contain factual allegations sufficient to "raise a right to relief above the
19 speculative level."  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 127 S. Ct. 1955, 1965 (2007).
20 "The pleading must contain something more...than...a statement of facts that merely creates a
21 suspicion [of] a legally cognizable right of action."  Id., quoting 5 C. Wright & A. Miller, Federal
22 Practice and Procedure 1216, pp. 235-235 (3d ed. 2004).  "[A] complaint must contain sufficient
23 factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  Ashcroft
24 v. Iqbal, __ U.S. __, 129 S.Ct. 1937, 1949 (2009) (quoting Twombly, 550 U.S. at 570, 127 S.Ct.
25 1955).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the
26 court to draw the reasonable inference that the defendant is liable for the misconduct alleged."

Id.

In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S. 738, 740, 96 S.Ct. 1848 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor. Jenkins v. McKeithen, 395 U.S. 411, 421, 89 S.Ct. 1843 (1969).

Named as defendants are San Bernardino County Probation Officer Thornburg, the California Department of Corrections and Rehabilitation (CDCR), California Correctional Institution (CCI) and California State Prison-Sacramento (CSP-Sac). Plaintiff alleges that in January 2007, defendant Thornburg interviewed plaintiff for a sentencing report. She asked plaintiff if he was a gang member. Plaintiff told defendant that he had no gang involvement. Defendant Thornburg then wrote in the sentencing report that plaintiff was a "project Crip." Plaintiff alleges that prison officials have since improperly labeled him as a gang member based on defendant Thornburg's presentence report. As a result, he has been improperly housed with other gang members. Plaintiff seeks money damages and injunctive relief in the form of the removal of his "Crip" designation from his central file.

The Eleventh Amendment bars suits brought by private parties against a state or state agency unless the state or the agency consents to such suit. See Quern v. Jordan, 440 U.S. 332, 99 S. Ct. 1139 (1979); Alabama v. Pugh, 438 U.S. 781, 98 S. Ct. 3057 (1978) ( per curiam); Jackson v. Hayakawa, 682 F.2d 1344, 1349-50 (9th Cir. 1982). Although the Eleventh Amendment is not jurisdictional, the court may raise the defect on its own. Wisconsin Department of Corrections v. Schacht, 524 U.S. 381, 389, 118 S. Ct. 2047, 2052 (1998); Edelman v. Jordan, 415 U.S. 651, 677-78, 94 S. Ct. 1347, 1362-1363 (1974). In the instant case, the State of California has not consented to suit. Accordingly, plaintiff's claims against CDCR, CCI and CSP-Sac are dismissed as legally frivolous.

/////

Probation officers preparing presentencing reports for state court judges are entitled to absolute judicial immunity from § 1983 damage claims. <u>Demoran v. Witt</u>, 781 F.2d 155 (9th Cir. 1986). Accordingly, plaintiff's claim for damages against defendant Thornburg is legally frivolous.

What remains is plaintiff's request that the reference to his alleged gang membership in his prison records be expunged. The exhibits attached to plaintiff's complaint indicate that he was convicted of murder. Complaint, pp. 20-25 of 45. Plaintiff is presumably serving a life sentence. Habeas corpus jurisdiction exists when a prisoner seeks expungement of information from his prison record if expungement is likely to accelerate his eligibility for parole. <u>Bostic v.Carlson</u>, 884 F.2d 1267, 1269 (9th Cir. 1989). Expungement of the information that plaintiff is a gang member from his prison record is likely to accelerate his eligibility for parole. Accordingly, plaintiff's request that the information that he is a gang member be expunged from his prison record should be brought in a habeas corpus petition.

Because plaintiff cannot cure the pleading defects described above, this action is dismissed.

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's request for leave to proceed in forma pauperis is granted.

2. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action. Plaintiff is assessed an initial partial filing fee of $44.65. All fees shall be collected and paid in accordance with this court's order to the Director of the California Department of Corrections and Rehabilitation filed concurrently herewith.

3. This action is dismissed.

DATED: January 7, 2010

/s/ Gregory G. Hollows

UNITED STATES MAGISTRATE JUDGE

sam3217.b